Because of widespread interest, a copy of this opinion is being furnished to each County Clerk in Texas.



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 20, 1952

*Overruled in part by Sanchez v. Bravo 251 SW 2nd 935 [See footnote 4]*

Hon. Jack Y. Hardee
County Attorney
Henderson County
Athens, Texas

Dear Sir:

Opinion No. V-1466 [See footnote 4]

Re: Method of making returns for absentee ballots counted by the special canvassing board under Subdivision 6 of Section 37, Texas Election Code.

You have requested an opinion on the following questions:

"Is it the intent of the new Election Code, under Chapter 5, for the absentee ballots, after they are counted, to be distributed to the various voting precincts of the county, depending on the precinct in which they were intended to be voted in?

"Is it the intent of the Election Code that the absentee voting box shall become a new box just like a precinct box and remain in the county clerk's office and after the ballots are counted be added in with the county's total as a new box?"

Absentee voting is now regulated by Sections 37 and 38 of the Election Code, which became effective on January 1, 1952.[1] Under Section 37, the method of casting and counting absentee ballots in county-wide elections has been changed. Formerly, the absentee ballots voted by electors of each election precinct were forwarded by the county clerk to the presiding judge of that precinct and were counted along with the ballots which were voted in person on the day of election. Subd. 6, Art. 2956, V.C.S. Under the present provisions in

---

[1] Section 79 also contains further provisions regulating absentee voting in counties where voting machines are used. This opinion does not deal with the counting of absentee ballots in such counties.

Subdivision 6 of Section 37, a special canvassing
board having the same authority as regular precinct
election judges convenes at the county clerk's of-
fice at 1:00 p.m. on election day and there casts
and counts the absentee ballots for the entire coun-
ty.  This subdivision now reads as follows:

> "The ballots cast in the office of
> the county clerk shall be deposited when
> voted in a ballot box locked with two (2)
> locks the keys of one of which shall be
> kept during the period of absentee voting
> by the sheriff and the keys of the other
> by the county clerk.  At 1:00 p.m. on the
> day of the election the ballots and the
> ballot envelopes which have been received
> by mail shall be delivered by the county
> clerk to a special canvassing board of
> three (3) or more members named by the au-
> thority which is authorized by law to name
> the presiding judges of that election;
> this special election board shall open the
> ballot boxes and the carrier envelopes, an-
> nounce the elector's name and compare the
> signature upon the application with the
> signature upon the affidavit on the ballot
> envelope.  In case the election board finds
> the affidavits duly executed, that the sig-
> natures correspond, that the applicant is
> a duly qualified elector of the precinct,
> and that he has not voted in person at said
> election, they shall open the envelope con-
> taining the elector's ballot in such manner
> as not to deface or destroy the affidavit
> thereon, take out the ballot therein con-
> tained without permitting same to be un-
> folded or examined and having endorsed the
> ballot in like manner as other ballots are
> required to be endorsed, deposit the same
> in the proper ballot box and enter the
> elector's name in the poll list the same
> as if he had been present and voted in per-
> son.  If the ballot be challenged by any
> election officer, supervisor, party chal-
> lenger, or other person, the grounds of
> challenge shall be heard, and decided ac-
> cording to law, including the consideration
> of any affidavits submitted in support of

Hon. Jack Y. Hardee, page 3 (V-1466)

or against such challenge. If the ballot
be admitted, the words 'absentee voter'
shall be set down opposite the elector's
name on the poll list. If the ballot be
not admitted, there shall be endorsed on
the back thereof the word 'rejected,' and
all rejected ballots shall be enclosed,
securely sealed, in an envelope on which
words 'rejected absentee ballots' have
been written, together with a statement
of the precinct and the date of election,
signed by the judges and clerks of elec-
tion and returned in the same manner as
provided for the return and preservation
of official ballots voted at such election.
This special election board shall cast
these absentee votes and then shall open
the ballot box and proceed to count and
make out returns of all ballots cast ab-
sentee in the same way as is done at a
regular polling place. This special can-
vassing board shall possess the same qual-
ifications, be paid the same wage, and be
subject to the same laws and penalties as
regular election judges. Supervisors may
be appointed as for regular voting boxes.

"The county clerk shall return the
poll tax receipts and the exemption certif-
icates to the absentee voters at the end
of thirty (30) days unless a contest has
been filed."

In answer to your first question, it is our
opinion that the absentee ballots are not to be distrib-
uted .o the various voting precincts after the canvass-
ing board has concluded its count. It is true that Sub-
division 3 of Section 37 provides that absentee electors
voting at the county clerk's office shall write their
home address and the number of the voting precinct "in
which said ballot is to be cast" on the back of the bal-
lot. But Subdivision 6 of Section 37 expressly provides
that the special election board "shall cast these absen-
tee votes and then shall open the ballot box and proceed
to count and make out returns of all ballots cast ab-
sentee in the same way as is done at a regular polling
place." In the counting of ballots at regular polling
places, one of the election judges takes the ballots out

of the box in which they have been cast, announces the name of each candidate voted for, and then delivers the ballot to another judge, who places it in a locked ballot box which is delivered to the county clerk after the count is completed and returns are made out. See Section 101, Election Code. Section 38 provides for the disposition of the returns and the box containing the counted ballots in county-wide absentee voting. This section reads:

> "The ballot used in absentee voting, except where voting machines are used, shall be the stub ballot provided for elsewhere in this Code. In voting at the county clerk's office provided for under Section 37, the same procedure shall be used as voting at any regular voting place where voting machines are not used; the stubs being placed in a stub box furnished as for a regular polling place. If the name of the elector does not appear on the reverse side of the perforated stub, the election judge shall write the name of the elector on the back of said stub before depositing same in the stub box. The stub box shall be delivered by the canvassers after the votes are counted to the district clerk, the ballot box to the county clerk and the returns to the proper official as provided by law for regular polling places."

Construing these three sections together, we are of the opinion that the canvassing board is required to place the counted ballots in a locked ballot box and to deliver the box to the county clerk.

Your second question cannot be answered with a categorical "yes" or "no." Using the term voting box in the sense of polling place, we are of the opinion that the absentee voting box does become a new polling place. Also, as seen from our answer to your first question, the ballots cast and the ballot boxes used remain in the county clerk's office until the count is completed and the returns are made out, just as though these functions were being performed at a regular polling place; and upon completion of these duties the canvassing board delivers the returns and the box containing the counted ballots to the proper authorities in the same way that the presiding judge at a regular polling place performs these duties.

Hon. Jack Y. Hardee, page 5 (V-1466)

You ask whether the count of the absentee ballots is added in with the county's total as a new box. Section 37 does not describe specifically the manner in which the canvassing board is to make out the tally lists and returns other than to say that the returns shall be made out "in the same way as is done at a regular polling place." It does not state whether the canvassing board is to keep a separate tally list and make out a separate return for each of the regular election precincts or whether the board is to use only one tally list without regard to the regular election precinct in which the voter resides. In the tallying of votes for candidates for state, district, and county-wide offices, it would appear that there is no particular necessity for recording the votes according to regular voting precincts, except for the office of Governor in a general election, as will be discussed later. In other words, the votes in these races could be tallied and the returns made for the county as a whole, and then added to the county total in the same way as returns from a regular voting box. In a limited way, the same thing is true of the tally and returns for precinct offices. It would be necessary, of course, for the canvassing board to enter on the tally list each of the several precincts in the county from which candidates were to be voted on, but we see no objection to including this information on a single composite tally list. Incidentally, this method of making returns on a county-wide basis would be similar to the procedure for making returns of absentee votes cast on voting machines in the county clerk's office under the former Article 2997a, V.C.S., and Section 79 of the Election Code.

The tallying of votes cast for commissioner and justice precinct offices, and, in primary elections, for party precinct chairman, presents a difficulty. The tally list, of course, would have to permit the tallying of votes separately for each type of precinct. We think the canvassing board might list all the precincts on one tally list, but the difficulty comes in determining the precinct for which the vote is to be recorded. At the time the ballot is counted, there is no way to determine from the ballot itself the precinct in which

the voter resides.[2] The ballot on its face would indicate the commissioner and justice precincts from which the ballot came only if it could be assumed that the elector had voted for candidates in the correct precinct,[3] and there is nothing whatever on the face of the ballot to show the election precinct in which the absentee voter resides. Frequently--indeed, ordinarily -- votes for precinct chairman are write-in votes, and the canvassing board has no way of becoming familiar in advance with the number of the precinct in which the various persons receiving votes for precinct chairman reside. About the only way by which the canvassing board could determine the precinct under which the vote should be listed would be to consult each of the precinct lists of voters until the candidate's name was found--and even this method would be unsatisfactory for many reasons other than its cumbersomeness.

These difficulties would be obviated if the canvassing board used a separate ballot box for each regular

---

[2] We have mentioned the provision in Subdivision 3 of Section 37 which requires that electors voting absentee ballots in the county clerk's office shall write their home address and the number of their voting precinct on the back of the ballot. Taking into consideration the rigid safeguards in our election laws for preservation of the secrecy of ballots, we are of the opinion that this information is to be placed on the back of the stub, along with the voter's name. Consequently, after the stub has been removed, there is no way to identify the precinct of the voter's residence, either for ballots voted in the county clerk's office or for those voted by mail.

[3] In primary elections, separate ballots are printed for each commissioner's precinct (see Section 188, Election Code), but there is no provision requiring separate ballots for justice precincts, which are not necessarily coextensive with the commissioner precincts of the county.

In some of the larger counties, the county executive committee provides separate primary ballots for each regular election precinct in the county. Where this is done, the ballot would show the election precinct of the voter's residence and it would not be necessary for the canvassing board to adopt any other method for identifying the election precinct in counting the ballots.

voting precinct in the county. But when we consider the great number of voting precincts in the larger counties, the unfeasibility of providing a separate box for each precinct becomes apparent. Moreover, we think the language of Subdivision 6 indicates that only one set of ballot boxes is required, the minimum requirements being the stub box, the box in which the voted ballots are cast, and the box for receiving the counted ballots.

Since the Election Code does not expressly provide the method for determining the voting precinct of the elector's residence, we think it is within the implied powers of the canvassing board to provide a method. It goes without saying that the method adopted should not impinge upon any of the basic principles of our election laws, such as secrecy of the ballot and preservation of an elector's right to express his choice for all offices for which he is entitled to vote. One possible method would be to provide separate ballot boxes for each regular election precinct as suggested above. We think the statute _requires_ only one set of boxes, but it does not make unlawful the use of separate boxes for each precinct.

A feasible method would be for the board to make a notation of the election precinct number on the back of the folded ballot at the time the stub is detached.[4] While there is no provision in the Election Code expressly authorizing an election judge to make any notation on a ballot other than the judge's signature (see Section 93), we are unable to perceive of any legal objection to the judge's noting the election precinct on the ballot. Ballots from all precincts could then be

---

4/ It is clear that the stub is not detached from ballots voted by mail until after the canvassing board has compared the signature on the application with the signature on the ballot envelope. Therefore, the member of the canvassing board who detaches the stub could obtain the precinct number from the affidavit on the ballot envelope. The provisions of Subdivisions 3 and 6 of Section 37 and of Section 38 are not so clear as to the time at which the stub is detached from ballots which are voted by personal appearance at the clerk's office; but in view of the provisions for entry of the elector's name on the poll list and for challenge of ballots, it is our opinion that the statute intends for the stub to remain attached to the ballot until it is examined by the canvassing board. The precinct number for these ballots could be obtained from the information on the back of the stub.

cast in a single box and deposited in a single box as they are counted.

Reverting to the matter of tallying and recording votes cast for gubernatorial candidates in a general election, we believe that the canvassing board should keep a separate tally list and make separate returns for each voting precinct from which absentee ballots are counted. Sections 212 and 235 of the Election Code provide that the number of delegates elected to county conventions by precinct conventions of political parties shall be determined by the number of votes cast for the party's candidate for Governor in such precinct at the last preceding general election. We are of the opinion that the words "votes cast in such precinct" were intended to include all votes by electors residing in the precinct, whether the ballot was cast at the regular precinct voting place or in the county clerk's office. We do not know of any way to determine the number of absentee votes cast in each precinct for the party's candidate except by tallying the votes separately for each precinct.

## SUMMARY

Absentee ballots which are counted in the county clerk's office by a special canvassing board are not distributed to the various voting precincts after they are counted, but are delivered to the county clerk. Subd. 6 of Sec. 37, Sec. 38, Election Code.

Returns of absentee votes counted in the county clerk's office need not be made separately for each voting precinct in the county, except for the office of party precinct chairman in primary elections and for the office of Governor in general elections. The special canvassing board should adopt a method by which the regular election

Hon. Jack Y. Hardee, page 9  (V-1466)


precinct of the absentee voter's resi-
dence may be determined at the time the
ballets are counted.

APPROVED:                              Yours very truly,

J. C. Davis, Jr.                        PRICE DANIEL
County Affairs Division              Attorney General

E. Jacobsen
Reviewing Assistant
                                     By *Mary K. Wall*
Charles D. Mathews                      Mary K. Wall
First Assistant                          Assistant

MKW:wb